### Scott, Kerr & Co. v. Merril Smith.

Where an action was for a balance due on general deposits in a bank,—defense that the balance due had been levied on under an execution against plaintiff in another action, and where the Court below refused to allow the return of the sheriff on the said execution showing such levy to be read in evidence, the answer of defendants below and the petition showing that the deposits were general, *held* that there was no specific moneys in the hands of defendants below of which plaintiff below was the owner, and on which a levy could be made, and that the sheriff's return of the levy was properly rejected as evidence by the Court below.

An offer to prove that the money mentioned in the return was the money owing by defendants to plaintiff below, and was paid by defendants to the sheriff while holding the unsatisfied execution in full force, and that the sum so paid was applied in part liquidation of the judgment, likewise *held* to have been properly rejected by the Court below.

On motion by defendants below to so amend their answer as to show the above facts, *held* not to be within the provisions of Sec. 475 of the Civil Code, because the amendment would change substantially the defense, and was therefore properly overruled.

This was an action brought in the First District Court for Leavenworth County by the defendant in error to recover a balance alleged to be due from plaintiffs in error, as bankers to him, for money by him deposited with said plaintiffs in error. The answer to the original petition after setting up the true state of the account for a second cause of defense, alleged that the actual balance due from these plaintiffs to this defendant was, after the commencement of the action in the Court below, levied upon by the sheriff of said county by virtue of an execution in his hands in favor of one Lyman Scott and against this defendant and another. To this second defense the said Smith demurred, which demurrer was by the Court overruled. Afterwards the said Smith took leave to amend his petition, and these plaintiffs had leave to answer said amended petition. This was done and the above described second cause of defense was included in the amended answer. On the trial Smith, by his attorneys, objected to the evidence which was offered by plaintiffs in error in support of their defense, which objection was sustained. Plaintiffs in error then offered to prove that they paid the money to the sheriff, substantially under Sec. 475, Code of 1859. This the Court refused. They then asked leave to amend their answer so as to set up a state of facts which would admit of that proof. This also was refused, and judgment was rendered for the amount so alleged to have been levied upon by or paid to the sheriff, and interest. A motion by these plaintiffs for a new trial was afterward overruled.

The case was argued in the Supreme Court by *S. A. Stinson*, for plaintiffs in error, and by *L. B. Wheat*, for defendant in error.

*Stinson and Havens*, for plaintiffs in error, submitted:

1st. The evidence offered should have been admitted without amendment. It was not "a variance between the allegations and the proof," as to mislead the adverse party. *Vide, Sec.* 141, *Code.*

Although money situated like that alleged to have been levied upon, was not technically subject to levy, yet by these plaintiff's pleading, this defendant was fully advised that the money due from said plaintiffs to him had been taken and applied on an execution held by the sheriff against him. Section 475 of the Code provides that this may be done. The act of the sheriff in taking the money even under this section is practically if not technically, a levy. Bouvier defines "levy" as follows: " a seizure—the raising of the money for which an execution has been issued." Is not the method prescribed in this section of the Code for appropriating the debts due an execution debtor, a salutory levy? There was no pretence, as appears by the record, that this defendant would have been misled had the proof been admitted. In fact there could be no foundation for such pretence. *Cather v. Gunter*, 1 *Kernan*, 368.

2d. The sufficiency of their defense was *res adjudicata*. The original petition and answer presented directly all the points made at the time, and on the trial of the demurrer the answer was held sufficient, and the Court could only have so held upon the ground that it was a substantive compliance with Sec. 475 of the Code. If an amendment had been necessary, the fact of the demurrer having been overruled, should have appealed strongly to the Court to permit the amendment.

3d. If an amendment was necessary it should have been ordered at least upon terms under Sec. 141 of the Code.

Scott, Kerr & Co. v. Smith.

4th. The authority given to the Courts to permit amendments is not autocratic or arbitrary. The power to grant under the circumstances prescribed in the Code is coupled with a duty. It is not dependent upon the caprice of individual judges, but is based upon broad, general and equitable principles, to be exercised in such a way as to promote substantial justice at the expense of mere technicality.

I would contend for no loose system of pleading, but I would contend for the true meaning and intent of the Code, *i. e.* that substance should never be sacrificed to mere form. *Sec.* 147; *id.* 148, *Code.*

5th. Sec. 475 says that the sheriff's receipt shall be sufficient evidence of the payment. Of course this does not exclude other evidence.

6th. The record in this case illustrates the necessity of some general rules or principles to control in amendments. Prior to the amendment of the petition, the action was called for trial, and the trial commenced, when this defendant discovered it was necessary to amend his petition. Leave was given him, (of course the amendment was material or the evidence might have been given under Sec. 141, Code,) and then the Court required of these *plaintiffs an affidavit*; that they were taken by surprise by the amendment before he would permit the answer to be amended.

*L. B. Wheat,* for defendant in error, submitted:

The sum of $135.66 being the amount admitted to be due to Smith, and in the hands of Scott, Kerr & Co., third parties, was not liable to be levied on by virtue of the execution mentioned in the answer. *See Turner* v. *Fendall,* 1 *Cranch,* 117 *and cases there cited*; *McDonald* v. *Pickett,* 2 *Bailey,* 617; *2d U. S. Dig., pp.* 332 *Sec.* 408.

The demurrer was properly overruled to the first answer, as the same set up a defense to a portion of the cause of action, (*Seney's Ohio Code, p,* 130, *Sec.* 17; 8 *Thomas,*

56

441,) but even if it was improperly overruled, it would not affect the case on its trial, (*Woods* v. *Hynes*, 1 *Scam.*, 104,) especially so inasmuch as an amended answer was filed which took its place. ˙ Such amended answer being filed in answer to a petition amended after said demurrer was overruled, as the money in the possession of Scott, Kerr & Co. could not be levied on under the execution; the issue tendered by the defendants below as to said $135.66, was an immaterial one and should have been disregarded in the Court below, and should be now in this Court, and as to that amount, the Court below tendered such judgment as it ought to have done. (*See Woods* v. *Hynes*, 1 *Scam.*, 104,) And the Court would have been required to render judgment for said $135.66, (which amount it did render judgment for,) even if the jury had found for the defendants below. *Ibid. Sec.* 396, *p.* 143, *Laws* 1859.

A: part of the issues tendered by the defendants below being material, it was proper to try such as were material, and of course it was proper for the jury to assess the amount of the plaintiffs recovery, including the $135.66 and interest thereon, admitted to be due him by reason of no defense being shown as to that amount. *See Sec.* 289, *p.* 126, *Laws* 1859.

The variance mentioned in Sec. 141 Code, 1859, can only relate to such allegations and parts of pleadings as make or offer an issue in the case or show some material matter, and this view of said Sec. 141, would seem to be sustained by Secs. 137-138, Code 1859; it certainly cannot be held to relate to words which 'might be struck out as irrelevant under Sec. 128, Code 1859, which the allegations about said $135.66 are claimed to be.

If the proposed amendment would have been material, or would have entitled the defendants below to an admission of the execution, &c., in evidence, then it would only be so by reason of the allegations of payment, without any reference to the alleged levy. Their defense as to this $135.-

66 and interest thereon would be complete on their paying the same to the sheriff (holding such an execution as would authorize them to pay over on,) and taking his receipt, whether it was afterwards levied on by the sheriff or not. (*See Sec.* 475, *Code* 1859.) Therefore it must follow that said Sec. 141 is not applicable to the proposed amendment, but it was one which substantially changed the defense, or rather made a defense as to said $135.66 and interest, where there was none before. The principles and rules of the common law which require a case to be tried on the issues joined were therefore applicable to the case when the amendment was asked. And Sec. 147, Code 1859, is the same in this respect, it confining amendments to such as do not change substantially the claim or defense.

The execution offered is not substantially as or in the form required by law. (*See Sec.* 423, *Code* 1858, and *Sec.* 435, *Code* 1859.) Hence it is claimed that it was null and void, and unless it was such an execution as the law required to be issued, the payment mentioned in Sec. 475, Code 1859, could not have been made, and thereby made a defense here by virtue thereof.

This payment to the sheriff was made after suit brought; defendant in error claims that it is hardly just for defendants below to retain his money until he sues them for it, and then to get a defense to his suit by voluntarily paying the amount due him to some of his creditors, leaving him to pay the costs in his own suit properly commenced, for moneys admitted to be due him.

*By the Court,* KINGMAN, J.

The defendant in error filed his petition in the District Court against the plaintiff in error, averring that he had made deposits with them as bankers, between the 19th of June 1858, and the 23d of April 1859, of various sums, amounting in the aggregate to $12.792, with the agreement that he, Smith, was to have the privilege of drawing on

them at any time to the full amount deposited, with the right at any time to demand a settlement and withdraw whatever balance was due him. That he had so drawn all the amount except $1,228.12, which was still due him; also avering demand and refusal to pay the same.

The answer admits all the allegations of the petition except the amount deposited, and the balance due. It admits that there was an undrawn balance of $135.66, and that on the 30th day of May 1859, the sheriff of Leavenworth County levied on said sum of money as the property of the plaintiff by virtue of an execution in which Lyman Scott was plaintiff, and at the same time the sheriff took the money into possession.

In May 1862, a trial in the case at bar was had, and Smith recovered a verdict of $160.

During the progress of the trial the defendants having read a judgment with execution thereon in favor of Lyman Scott and against the plaintiff, Smith, and Harvey. Defendants also offered to read in evidence the sheriffs return, as follows: "By virtue of the within writ of execution, I did on the 30th day of May 1859, levy on one hundred and thirty-five dollars and sixty-five cents in money; also a lot of merchandise as per inventory attached. Satisfied in full." The Court sustained an objection to the reading of the sheriff's return.

Defendants then offered to prove that the money mentioned in said return was the money owing from said plaintiff, and that defendants paid the same to the sheriff, he then holding the said execution which was in full force and unsatisfied, and that the sum so paid was applied in part liquidation of the judgment of Scott v. Smith, which the Court would not allow.

Defendants then moved the Court for leave to so amend their answer as to show the above facts which the Court refused. To these several rulings the defendants excepted, and seek to reverse the judgment in this Court.

We do not feel justified in disturbing the judgment of the Court below. The answer of defendants shows the account between the parties; plainly showing in an hundred entries that the deposits were general, and leaving with Smith no right to any specific pieces of money; only a right to a specific amount. This also appears from the petition and is not controverted. Therefore there was no specific money in the hands of the defendants of which Smith was the owner and on which a levy could be made. (*See Turner* v. *Fendall*, 1 *Cranch*, 45). This being so, the Court under the pleadings did right in not allowing the sheriff's return to be read. The proof subsequently offered, is open to the same objection. The defendants did not bring themselves within the provisions of Sec. 475 of the Code, even if the amendment allowing such proof had been permitted. The amendment changed substantially and materially the defense, and therefore was properly rejected under Sec. 147 of the Code.

The judgment of the Court below is affirmed.

All the justices concurring.