. A. S. EATON v. P. H. McELHONE, *as Sheriff.*
**No. 189.**

EXECUTION—*money in sheriff's hands being proceeds of, cannot be applied on other executions.* Money in the hands of a sheriff, collected by him upon execution before the same is returnable or returned, is not subject to be taken by such sheriff on other writs, or applied by him in satisfaction of other writs against the plaintiff in the execution, and which such sheriff may hold against him.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed July 20, 1897. *Reversed.*

Eaton, the plaintiff in error, recovered judgment in the Smith County District Court. Execution was issued to the defendant McElhone, as Sheriff of Smith County, on this judgment. The Sheriff collected the judgment. Without the consent of Eaton, he applied $173.82 of the money to the payment of a tax warrant held by him as Sheriff, and returned the remainder of the money, and his receipt as Sheriff for the taxes, purporting to be a receipt to Eaton, into court. Demand upon him made by Eaton's attorneys for the $173.82 was refused. A motion was then made in the District Court to amerce the Sheriff in the sum of $173.82 so collected and withheld. Amercement was denied for the reason that the Sheriff had applied the money to the payment of the tax warrant. The plaintiff in error excepted, made a motion for a new trial which was overruled, and now brings the case here.

*B. H. Tracy,* for plaintiff in error.

*L. C. Uhl* and *Webb McNall,* for defendant in error.

226 EATON v. McELHONE.

N. Dept. Opinion. Mahan, P. J. 6 Kan. App.

MAHAN, P. J. The only question involved in this case is the right of the Sheriff to appropriate money which he had collected upon exection, during the life of the execution and before its return, to the satisfaction of another writ then in his hands for execution. The money was in the custody of the law and could not be seized upon execution. The Sheriff had no specific money or other property of the plaintiff Eaton upon which he could levy. Even if such a tax warrant is within the provisions of section 486 of the Code, which is doubtful, he was not indebted to Eaton so that he might under the provisions of that section pay it out of the fund. But this he does not claim to do. He claimed, as shown by the record, to have levied upon the money by virtue of the tax warrant.

It is contended by the defendant in error that the plaintiff in error waived his right to proceed against the Sheriff in this summary manner, by accepting the $154.42 which the Sheriff did pay into court. This claim is not tenable. He had a right to take from the court whatever was returned, and the Sheriff could be amerced for withholding the remainder. See §§ 472 and 474 of the Code of Civil Procedure. Section 474 reads: "When the cause of amercement is for refusing to pay over money collected as aforesaid, the said sheriff or other officer shall not be amerced in a greater sum than the amount withheld, with ten per cent. thereon." The court erred in denying the motion for amercement. *Scott et al. v. Smith*, 2 Kan. 438; *Turner v. Fendell*, 1 Cranch, 45; *Dawson v. Holcomb*, 1 Ohio, 275; *Clymer v. Willis*, 3 Cal. 363; Freeman on Executions, § 130.

The case of *Turner v. Fendell*, supra, seems to be the first decision rendered in this country upon the

question.   It is approved by our Supreme Court in *Scott et al. v. Smith,* supra.   It is true that there are courts that have held to the contrary, but as a matter of public policy, if for no other reason, a sheriff or other officer collecting money on a writ issued by a court ought not to be permitted to dispose of the money except as he is directed by the writ, or by turning the money into court, so that the court itself may make such directions concerning the fund as accord with justice and the rights of the parties.

Judgment is reversed, with direction to proceed in accordance herewith.

McElroy, J., concurring.

WELLS, J. (dissenting).   I am not prepared to concur in the majority opinion in this case; it seems to me that the reasoning is faulty and the conclusion inequitable and unjust.   If the Sheriff had money in his hands belonging to the debtor, he had a right to take it under his execution.   This is admitted in *Turner v. Fendell* (1 Cranch, 45), in which the eminent Chief Justice argued that the money did not become the property of the execution creditor until it was actually paid him, but previous to its delivery it was a debt. While this reasoning was sound and in harmony with the strict rules of construction maintained at that time, it does not seem to me to accord with our more liberal practice under our statutory proceedings in aid of execution; but, admitting its correctness, then, if it was a debt, the debtor had a right to pay it on the execution, under section 486 of the Code.   It seems to me a gross injustice and wrong to compel a Sheriff who has honestly and fairly used his best endeavors to enforce all the judgments of the court, to suffer for so doing, and be required to pay a sum of money to

228     EATON v. McELHONE.

N. Dept.     Dissenting Opinion.   Wells, J.     6 Kan. App.

the execution creditor which has already been applied to the payment of a valid judgment against him. I am fully aware that under the rigor and strictness of the old practice this has often been sanctioned, but I do not believe that it is in harmony with the more liberal policy of our present laws, and I am unable to find any decision of our Supreme Court that gives any sanction to this contention of the plaintiff in error.

The case of *Scott et al. v. Smith* ( 2 Kan. 438 ) does not touch this question in the least. This was an action brought against the plaintiff in error for the recovery of an amount due on a general deposit with the defendants as bankers. They answered that the balance had been levied upon by the sheriff under an execution against the plaintiff, and the court below held that, as the deposit was general, there was no specific money in the hands of defendant on which a levy could be made; and this was sustained by the Supreme Court. No question was raised or involved as to the right of the sheriff to use money in his hands belonging to the execution debtor to pay the debt, and the reference to *Turner v. Fendell* ( 1 Cranch, 45 ) was solely upon the proposition that as the deposit was general there was no specific money upon which a levy could be made. In the case of *Scott et al. v. Smith,* supra, the court plainly intimates that if they had brought themselves within the provisions of section 475 — being our present section 486 — it would have been a complete defense, but they relied upon a levy, and afterwards asked to change their defense, which was not allowed.

The Supreme Court of Missouri, in *Ex parte Ferle & Lewis* ( 13 Mo. 467 ), and the Supreme Court of Tennessee, in *Dolby v. Mullins* ( 3 Humph. 437 ), held that money belonging to the judgment debtor in the

hands of a sheriff may be used by him to satisfy an execution in his possession, and while I am willing to concede that the weight of authority is the other way, it seems to me these are more in harmony with later laws and more correct theories.