## Iverson A. Lumpkin v. Pet Boatman Lumpkin.

1. ALIMONY—*Pendente Lite—Allowance of, Where the Wife Has Property of Her Own.*—Section 1 of the statute entitled "Separate Maintenance," provides that ": the court may grant allowances to enable the wife to prosecute her suit as in cases of divorce," and that this provision has been construed to warrant an allowance *pendente lite* where the wife has property of her own and an income therefrom.

**Bill for Separate Maintenance.**—Hearing in the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Decree for complainant. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

JAMES W. & EDWARD C. CRAIG, and CLARK & SCOTT, attorneys for appellant.

J. F. HUGHES and NEAL & WILEY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee had filed her bill of complaint in the Circuit Court of Coles County against appellant, praying for a decree of separate maintenance, in which, among other things, she prayed for an allowance from the appellant of a

sufficient sum of money to employ counsel to prosecute her bill, support herself while the proceeding was pending and pay necessary expenses.  From the bill and answer, both sworn to, there is no doubt left but that the court below was warranted in concluding that the appellee was proceeding in good faith to procure a decree, for her bill, if proved, entitled her to the relief she sought.  The answer put in issue most of the material allegations of the bill, thus forming issues, in the trial of which counsel must be employed, evidence taken and other expenses necessarily incurred. Pending the proceeding the appellee must live, and if, on the trial, it is shown she is entitled to the relief, she will be entitled to an amount by way of separate maintenance that will support her in the station in life in which she is entitled to be supported, as appellant's wife.

It appeared from the bill, answer and affidavits that were before the court below on the motion of the appellee for alimony *pendente lite*, that when the appellant left her, she was without money and he refused to give her any; that the yearly income of the appellant, from property and his profession as a dentist, was about $2,000, while the yearly income of the appellee from her property was only about $250; on this showing the Circuit Court ordered the appellant to pay to the appellee $100 for expenses in and about preparing her case for trial, $100 for solicitor's fees, and $20 each month for her support until the trial of her case. From this order appellant appeals to this court; afterward, on motion of the appellee supported by affidavit, the court below ordered the appellant to pay the appellee $50 for her solicitor's fee in defending the said appeal in this court, and from this last order the appellant also appealed to this court.

The contention of the appellant in this court is, (1) that as it appears the appellee had property, no allowance *pendente lite* ought to have been made; (2) and that the allowances to the appellee by both orders appealed from are excessive.

We find that section 1 of our statute entitled "Separate

Maintenance," provides "the court may grant allowances to enable the wife to prosecute her suit as in cases of divorce;" and that this provision has been construed in the case of Harding v. Harding, 144 Ill. 588, to warrant an allowance *pendente lite* where the wife had property and an income therefrom; the reasoning of the court in that case effectually disposes of the appellant's first contention against him. As to his contention that the allowances were excessive, we are compelled to say that in our opinion they were not. In any event he would be justified in reversing the orders appealed from on account of the allowances being excessive only when it clearly appeared to us that the chancellor, who determined the amounts, in the exercise of the judicial discretion reposed in him, had abused it, which does not appear. The showing made in the court below justified the making of both orders appealed from, and they are therefore affirmed.