De Ruiter *v.* De Ruiter.

## De Ruiter et al. *v.* De Ruiter.

[No. 3,800. Filed November 26, 1901.]

Divorce.—*Fraudulent Conveyance.—Insolvency.—Alimony.—Pleading.—* A complaint in an action for divorce and alimony and to set aside a conveyance of real estate by the husband as fraudulent alleged that defendant since the conveyance is insolvent and has no property subject to execution. It also alleged that "plaintiff is informed that defendant is possessed of a large amount of money and bonds, which he secretes, but she is unable to give the particular facts in relation thereto." *Held,* that the averment as to money and bonds is so indefinite and uncertain that it can not be regarded as contradicting the allegation of insolvency. *pp. 12, 13.*

Same.—*Fraudulent Conveyance.—Alimony.—*A wife is a present and continuous creditor of her husband, and may, in an action for divorce and alimony, on a proper showing of fraud, procure a conveyance of real estate made by the husband before the institution of the suit to be set aside and subject the property to her judgment for alimony. *pp. 17–19.*

Fraudulent Conveyances.—*Fraudulent Intent.—Proof.—*It is not necessary in an action to set aside a conveyance of real estate as fraudulent to make direct proof of fraudulent intent, but such intent may be inferred from facts established. *p. 19.*

Divorce.—*Alimony.—Fraudulent Conveyance.—Insolvency.—Evidence.—* Defendant in an action by his wife for divorce in which it was sought to have a conveyance of his real estate set aside as fraudulent and subject the same to her judgment for alimony testified that he had certain credits due him, consisting of an interest in machinery of the value of $250, some building and loan stock, and some household goods, aggregating in all something over $5,000, more than $4,000 of which consisted of credits due from a paving company and an estate. *Held,* that the evidence justified the finding that defendant did not have sufficient property subject to

De Ruiter *v.* De Ruiter.

execution to satisfy a judgment for alimony in favor of plaintiff for $4,000. *pp. 19, 20.*

DIVORCE.—*Fraudulent Conveyance.*—*Alimony.*—*Judgment.*—*Sale of Real Estate.*—Where in an action for divorce and alimony a conveyance of real estate by the husband was set aside as fraudulent, the court was authorized to direct that the real estate, or so much thereof as was necessary, should be sold on execution in satisfaction of the judgment for alimony. *pp. 20, 21.*

SAME.—*Allowance to Wife.*—*Attorney's Fees.*—It is made the duty of the court by §1054 Burns 1901, in decreeing a divorce to the wife, or on refusing one on the application of the husband, to require, by order, that the husband pay all reasonable expenses of the wife in the prosecution or defense of the petition, including attorney's fees. *p. 21.*

SAME.—*Alimony.*—A judgment of $4,000 for alimony is not excessive where the husband had real estate of the value of $20,000. *pp. 21, 22.*

SAME.—*Fraudulent Conveyance.*—*Evidence.*—Where in an action for divorce and alimony and to set aside a conveyance of real estate as fraudulent plaintiff charged that she was deceived and induced by the false representations of her husband to execute deeds of conveyance to all of his real estate, it was competent for her to testify as to what was said and done leading up to the consummation of the transaction. *pp. 23, 24.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Laura E. De Ruiter against Derk De Ruiter for divorce and alimony and to set aside a conveyance of real estate. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. O. Hawkins* and *H. E. Smith,* for appellants.

*W. N. Harding* and *A. R. Hovey,* for appellee.

WILEY, J.—Appellee was plaintiff below, and prosecuted her action against the appellant Derk De Ruiter for divorce, and to recover alimony. Appellants Vanderwerf and Vanderwerf are husband and wife, and were made parties for the reason that it was charged in the amended complaint that appellant De Ruiter had conveyed to appellant Eva G. Vanderwerf, who was his daughter, all of his real estate, and that the purpose of said conveyance was to defraud appellee, etc. It was therefore sought, not only to procure a decree of divorce and secure alimony in favor of appellee, but also to set aside such conveyance as fraudulent. The

amended complaint is in one paragraph, and the ground for divorce relied upon rests upon cruel and inhuman treatment. A supplemental complaint was filed, charging abandonment, but the record shows that the finding and decree rest upon the amended complaint, and no question is presented for decision arising under the supplemental complaint. The appellants each answered by denial. The court found for the appellee that she was entitled to a divorce; also that she was entitled to $4,000 alimony, and $500 for her attorney's fees. The court also found against all the appellants, that the conveyance of real estate to appellant Eva G. Vanderwerf, as described in the complaint, was fraudulent and void, and should be set aside, and that said real estate be subjected to the payment of the alimony allowed appellee, the attorney's fees and costs. Judgment followed in harmony with the finding. Appellant Eva G. Vanderwerf moved separately to modify the judgment, by striking out and eliminating therefrom all that part of it affecting the real estate which her co-appellant had caused to be conveyed to her. Appellant De Ruiter also moved to modify the judgment in certain specified particulars. Each of these motions was overruled, and the motions and the rulings thereon are brought into the record by bill of exceptions. Appellants, Derk De Ruiter and Eva G. Vanderwerf, each filed separate motions for a new trial, which were respectively overruled. Neither of appellants demurred to the amended complaint.

By his separate assignment of error, appellant De Ruiter attacks, for the first time, the sufficiency of the amended complaint, and brings in review the action of the court in overruling, respectively, his motion to modify the judgment and for a new trial. The assignment of errors of appellants Vanderwerf and Vanderwerf is joint and is as follows: (1) The amended complaint does not state facts sufficient to constitute a cause of action against them; (2) that "the court erred in overruling the appellant Eva G. Vander-

·werf's motion to modify and correct the decree and ·judgment"; (3) that "the court erred in overruling the · appellant Eva G. Vanderwerf's motion for a new trial".

Counsel for appellant have not discussed the assignment of errors in their order, but have taken up the overruling of the motions to modify, and for a new trial, in the order stated. If the amended complaint does not state a cause of action against either of the appellants, as counsel assert, it seems to us that that question should be first disposed of, for if it does not, it would be wholly unnecessary to decide the remaining questions.

No argument is directed against the complaint on the ground that it does not state sufficient facts to constitute a cause of action against appellant De Ruiter for divorce, but that it does not state facts sufficient to warrant the setting aside of the conveyances of real estate to appellant Eva G. Vanderwerf as fraudulent. The objection urged to the complaint is that at the time of the conveyances it is not alleged that appellant De Ruiter was insolvent, and also that he was insolvent when the present action was commenced. The averments of the complaint upon this point are brief and we quote them in full, viz.: "That said Derk De Ruiter was on the date last aforesaid [referring to the date of the conveyance] largely indebted to various persons in various sums, and since has become and is now insolvent, and at the time said conveyances were made he had not, nor has he since had, nor has he now, sufficient other property, subject to execution, to pay his debts, or any judgment that may be rendered plaintiff for alimony herein, or any part hereof. That plaintiff is informed that defendant Derk De Ruiter is possessed of a large amount of money and bonds which he secretes, but she is unable to give the particular facts in relation thereto." If we are to regard this latter averment equivalent to an averment that appellant De Ruiter, at the time this action was commenced, was possessed of a "large sum of money and bonds," etc., then

the two averments are in irreconcilable conflict, and, this being true, the pleading must be construed most strongly against the pleader, and the latter averment, being specific, must control the former, which is general. *Ivens* v. *Cincinnati, etc., R. Co.,* 103 Ind. 27; *Houck* v. *Graham,* 106 Ind. 195, 55 Am. Rep. 727; *City of Wabash* v. *Carver,* 129 Ind. 552. Such a construction would leave the complaint without the essential averments that at the time of the conveyance, ever since, and when the action to set it aside was commenced, De Ruiter was insolvent, etc. A person possessed of a large amount of money and bonds can hardly be said to be insolvent.

The statement in the complaint, that he was possessed of a large sum of money and bonds, is somewhat indefinite, and is modified by the further statement that such money and bonds are secreted. If the money was in a bank it was not subject to execution, and if either the money or bonds were secreted they could not be levied upon. The point is that the party who is charged with having fraudulently conveyed his property did not retain sufficient property, and did not have, at the time the action is commenced to set it aside, sufficient property, subject to execution, to pay his debts, etc. So, money, whether it be secreted or deposited in bank, is not subject to levy and execution. See, *McMillan* v. *Richards,* 9 Cal. 365; *Scott* v. *Smith,* 2 Kan. 438; *Moorman* v. *Quick,* 20 Ind. 67; *Carroll* v. *Cone,* 40 Barb. 220. We are inclined to the view that the allegation in the complaint that appellant De Ruiter had a large amount of money and bonds is so indefinite and uncertain that it cannot be regarded as contradicting the essential averments just preceding it, and hence the complaint upon this point must be held good as against an original attack in this court.

Before taking up for decision the questions raised by the motions to modify and for a new trial, it is important to give a brief history of the case as disclosed by the record. August 15, 1896, appellee instituted a suit in the Marion Su-

perior Court against appellant De Ruiter, to obtain a divorce and for alimony. To this action he appeared and filed a cross-complaint. That said cause was finally determined January 11, 1897, by a finding and judgment against appellee on her complaint, and against appellant on his cross-complaint. Appellee, at the time of her marriage, was the owner of some real estate of the value of about $2,500, upon which there was some encumbrance. Appellant De Ruiter owned in his own name real estate, the value of which, above the encumbrance, was over $20,000. Appellee also owned some personal property—stock in a building association—of the value of $400 or $500. After the first action for divorce was commenced, the two parties lived separate and apart. Some time in February, 1897, after the termination of the former suit, appellant went to appellee's home, and made overtures for a reconciliation, and visited her occasionally thereafter. It is the theory of appellee that appellant De Ruiter, in making such overtures for reconciliation, was not acting in good faith, but that he thereby intended to deceive her, for the purpose of getting her to deed to him her real estate, and to get her to join him in conveying his real estate. Also that appellant De Ruiter and appellant Eva G. Vanderwerf entered into a conspiracy, by which she was induced by deceit and misrepresentation to execute to one Trussler a power of attorney, authorizing him to execute and deliver deeds for her husband and herself to any and all of his real estate, and that in furtherance of said conspiracy, all of the real estate owned by De Ruiter was conveyed to Eva G. Vanderwerf by said Trussler as attorney in fact, and that though said real estate was of the value of over $20,000, the same was conveyed to said Eva G. for an expressed consideration of $4. It is charged in the complaint, and there is evidence to support it, that appellant De Ruiter procured appellee to convey to appellant Vanderwerf her real estate, and that such conveyance was procured to cheat and defraud her out of it. Appellee owned stock in a

building and loan association, and it was charged that by fraud and misrepresentation he procured such stock to be transferred to him, for the purpose of defrauding her out of it. There is some evidence to sustain this allegation. It was charged, as above stated, that appellants entered into a conspiracy, for the purpose of procuring appellee to join in a conveyance of all of her husband's real estate, for the purpose of cheating and defrauding her out of her interest in the same. There is no direct or positive evidence in support of this fact, but there are circumstances and conditions, disclosed by the evidence, which strongly tend to support it. Mrs. Vanderwerf was De Ruiter's daughter. She was married, and after the De Ruiters separated, the appellant De Ruiter lived with his daughter.

There is no reasonable explanation given for the conveyance of De Ruiter's real estate to his daughter. The whole transaction, resulting in such transfer, is inconsistent with his obligation and duties to appellee, as his wife. It is unnecessary to recite, in this opinion, even a resume of the many acts and the conduct of appellant De Ruiter, of which appellee complains, and upon which she relies to establish the averments of her complaint, charging cruel and inhuman treatment. It is sufficient to say that the record discloses sufficient facts to warrant the trial court in its conclusion, adjudging that appellee was entitled to a divorce. In fact, this proposition is not seriously controverted. There is evidence to support the fact that appellant De Ruiter proposed to appellee to purchase her real estate for $2,500, on credit, to pay her six per cent. interest on the purchase money, and secure her in its payment. Also that when she made the deed, she believed she was conveying it to him, when in fact the conveyance was made to his daughter.

Before appellee executed the power of attorney above referred to, there is evidence from which the court could have found that the only conveyances the De Ruiters had talked about, before going to the scrivener to execute the papers,

was a conveyance to a Mrs. Smith of real estate owned by appellee, and also the conveyance to appellant De Ruiter of real estate owned by her. The evidence fairly shows that when the parties went to the scrivener appellee executed three papers, under the advice and direction of her husband, two of which De Ruiter represented to her were deeds, and the third was a release. So far as the record shows, appellee did not know she signed a power of attorney, and she did not authorize any one to deliver it to the attorney in fact, named therein, and that as soon as she learned that she had, she revoked it.

By the motion of Derk De Ruiter to modify the judgment and decree, he sought to have stricken out absolutely the following: (1) That part which declares that appellants had oral notice of the appellee's petition for an allowance; (2) to have the amount of alimony reduced from $4,000 to $1,000, for the reason that it was excessive; (3) to have the amount allowed appellee as attorney's fees reduced from $500 to $250; (4) to have stricken out and eliminated from the judgment and decree all that part that adjudged that the conveyance of real estate by him to his co-appellant, Eva G. Vanderwerf, was fraudulent as against appellee, and that said conveyance was made with the fraudulent intent, etc., and also to eliminate that part which subjects said real estate to sale to satisfy the judgment for alimony and the allowance for attorney's fees.

The motion of appellant Eva G. Vanderwerf to modify the judgment was: (1) By striking out that part which finds and adjudges that the conveyance to her of the real estate described was fraudulent; that said conveyance was made to and accepted by her with the fraudulent intent to cheat, hinder, and defraud appellee; (2) by striking out that part which adjudges and decrees that said conveyance was fraudulent as against appellee as a "special" creditor of Derk De Ruiter, and subjects said real estate to sale, etc.; (3) by striking out that part relating to an allowance for

De Ruiter *v*. De Ruiter.

attorney's fees, on the ground that the court had no power, under the issues, to subject the real estate to the payment of said allowance; (4) by striking out that part directing that all of the real estate so conveyed to her, or so much thereof as may be necessary, be subjected to sale, to satisfy said judgment for alimony, etc. These two motions of appellants may properly be considered together.

It is first urged that appellee was not entitled to have the conveyance set aside, because she has not shown that she was a creditor of the grantor. Counsel refer to the rule that, to constitute a fraudulent conveyance, there must be: (1) A creditor to be defrauded; (2) a debtor intending to defraud and (3) a conveyance of property out of which the creditor could have realized. 8 Am. & Eng. Ency. of Law, 749. It must be conceded that if appellee was not a creditor in any legal sense, she has no debt to enforce, and hence the conveyance would not be fraudulent as to her.

We are told in Anderson's Law Dictionary that a creditor is one "who has a right by law to demand and recover of another a sum of money on any account whatever." In *Bishop* v. *Redmond,* 83 Ind. 157, a creditor is defined as "one having a legal right to damages, capable of enforcement by judicial process." Appellants concede that there are two kinds of creditors, viz.: (1) Actual creditors, 'or holders of claims, and (2) subsequent creditors, or holders of equities which afterwards ripen into claims. So if appellee comes within either class she must be regarded as a creditor.

That a wife has equities in her husband's real estate is no longer debatable. That such equities may subsequently ripen into legal, subsisting claims, there can be no doubt. A wife, in our judgment, is a present and continuous creditor of her husband. This necessarily must be, from the marital relations. She is presently and continuously dependent upon him. His first and highest obligation is to provide and care for her. He can not alienate her inchoate

interest in his real estate without her consent, and against her refusal to join him in a conveyance of it. Nelson, on Divorce and Separation, at §938, lays down the following rule: "The wife as a special creditor of the husband is within the protection of the statute against fraudulent conveyances and may proceed according to its provisions. On a proper showing of the fraud, the conveyance will be set aside and the property of the husband will be declared subject to the decree for maintenance or alimony," etc. The author cites a great number of American authorities which amply support the text. The case of *Bishop* v. *Redmond,* 83 Ind. 157, is strongly in point. It was there urged that the complaint was bad because it did not show that appellee was an existing creditor. The court said: "If, then, we should adopt the appellant's theory, and construe the complaint as showing that when the conveyance was made the appellee was not a creditor but subsequently became one, we should be bound to sustain the pleading. That she was a subsequent creditor, would be true, even if there were no other elements in the case than her claim to alimony. A wife who holds a claim to alimony is a creditor." Citing *Frakes* v. *Brown,* 2 Blackf. 295 ; *Friegley* v. *Friegley,* 7 Md. 537 ; *Boils* v. *Boils,* 1 Cold. (Tenn.) 284. In *Plunkett* v. *Plunkett,* 114 Ind. 484, it is held that a wife who has obtained a judgment for alimony is a subsequent creditor of her husband, within the legal meaning of that term. Our conclusion is that appellee was a creditor, and hence was entitled to attack the conveyance by her husband to his daughter, as fraudulent and void. It is next urged that, even if appellee was a creditor, she can not recover in this action, for two reasons: (1) Because De Ruiter could not have made the conveyance with intent to defraud her before the final entry in the first divorce proceeding, and (2) because the question of fraudulent intent is a question of fact to be established by proof, as other questions of fact, and that there is no proof of intent.

We think the first reason suggested by counsel is wholly untenable, and is substantially answered by the preceding discussion. When this conveyance was made, the first divorce suit had been tried, and the court had announced its finding. Subsequently, judgment followed in harmony with that finding. By that finding and judgment, appellant and appellee remained as husband and wife, with the mutual obligations of the marital relations. The courts were open to each of them for subsequent procedings for legal separation. If the authorities we have cited declare a correct rule, and we are clear that they do, appellee was such a creditor of her husband as to entitle her to enforce her subsequently acquired rights.

The second reason suggested is answered by the record. If it be conceded that there is no direct proof of fraudulent intent, it does not necessarily follow that such intent was not established. It is a recognized rule that it is not necessary, in order to establish fraud, that direct, affirmative proof of fraud be given, but that fraud may be inferred from facts that are established. Kerr on Fraud and Mistake, p. 450. Chancellor Kent says that a deduction of fraud may be made, not only from deceptive assertions and false representations, but from facts and circumstances which may be trivial in themselves. It is seldom that fraud is proved by positive evidence, and it may be presumed from facts and circumstances proved. *Farmer* v. *Calvert,* 44 Ind. 209; *Kane* v. *Drake,* 27 Ind. 29; *Levi* v. *Kraminer,* 2 Ind. App. 594. In the case before us, the court found in favor of appellee on the question of fraud and intent, and it is sufficient for us to say that from all the facts, surroundings of the parties, and circumstances disclosed by the evidence, the court was fully justified in its conclusion upon this question. It would unduly lengthen this opinion to state, even in detail, the facts and circumstances upon which such finding and judgment rest.

Counsel next direct their argument to the asserted propo-

sition that the evidence shows that the conveyance was not fraudulent as to appellee, for the reason that it is shown that appellant De Ruiter, at the time of the conveyance, had sufficient remaining property out of which appellee could satisfy her claim. Under the evidence in this case, the court was authorized to find that after De Ruiter made the conveyance complained of, he did not have, and has not since had, sufficient property subject to execution, to satisfy appellee's claim. The court was authorized in reaching this conclusion, upon the evidence of De Ruiter himself, and we can not disturb the finding and judgment upon contradictory evidence. When De Ruiter was called by appellee, as a witness in her behalf, his evidence clearly disclosed the fact that after the conveyance of his real estate he did not have to exceed $500 or $600 worth of property, and this was of a precarious and uncertain value. When he was testifying as a witness for himself, he bolstered up his former statement by testifying that he had certain credits due him, consisting of an interest in machinery of the value of $250; some building and loan stock and some household goods, aggregating in all something over $5,000. Over $4,000 of this sum consisted of credits due from certain paving companies and from a certain estate. Such credits were not subject to execution and sale to satisfy appellee's demand, and the court's finding that he did not have sufficient property, subject to execution, to satisfy such claim, was fully warranted.

It is next argued that the court erred in ordering the sale of the real estate described—the conveyance of which was set aside as fraudulent—to satisfy the judgment for alimony, etc., and hence it was error to overrule the motion to strike out that part of the finding and judgment. There is no real merit in this contention. That a creditor may go into court and attack a conveyance of his debtor as fraudulent, and ask that such conveyance be set aside, and the property be subjected to execution and sale to satisfy his claim, when reduced to judgment, there is no doubt. Sec-

tion 1059 Burns 1901 provides that the decree for alimony to the wife shall be for a sum in gross. This the court fixed in the decree before us, and that, together with the allowance made her for her attorneys, constitutes her claim. To pay and satisfy this claim, the court was authorized to direct that the real estate, or so much thereof as was necessary, should be sold on execution, etc.

It is urged that the motion to strike out the allowance made to appellee for attorney's fees should have been sustained. It is made the duty of a trial court, in decreeing a divorce to the wife, or on refusing one on the application of the husband, to require, by order, that the husband pay all reasonable expenses of the wife in the prosecution or defense of the petition, etc. §1054 Burns 1901. Such allowance has been held to include attorney's fees. *McCabe* v. *Britton,* 79 Ind. 224; *Musselman* v. *Musselman,* 44 Ind. 106. Under the statute and the decisions, it is made the imperative duty of the court to make such allowance on the final disposition of the case. We do not think there was any error in this ruling.

From the whole record, we do not feel justified in reviewing the action of the court in overruling the motion to modify by reducing the amount of alimony and attorney's fees. The amount of alimony as fixed by the decree is, in our judgment, both moderate and reasonable, when considered in connection with the value of De Ruiter's real estate. The amount fixed by the court was about one-fifth of the value of the real estate. True, as counsel contend, appellee was a childless second wife, but this fact does not change the rule that the award for alimony shall be in such sum as to leave her in at least as good condition pecuniarily after the divorce as she would have been in as a surviving widow. *Musselman* v. *Musselman, supra; Graft* v. *Graft,* 76 Ind. 136.

Again, 2 Bishop on Marriage and Divorce, §468, lays down this rule: "No one should be permitted to suffer in purse for another's wrong. Hence, alimony, when given to

an innocent and injured wife, should be in a proportion to leave her, at least, as well off pecuniarily, in non-cohabitation as she would be in cohabitation."

Our Supreme Court in *Yost* v. *Yost,* 141 Ind. 584, quotes approvingly the above rule. The rule prevails in this State that the trial court has a broad discretion in awarding alimony, and an appellate court will not interfere therewith unless an abuse of such discretion is manifest. *Gussman* v. *Gussman,* 140 Ind. 433, and authorities there cited.

In this case the trial court certainly did not abuse its discretion. Neither do we think that the allowance for appellee's attorneys was unreasonable. Counsel urge that because appellee owned property of the probable value of $2,500, which was encumbered $600, it was error of the court to allow her attorney's fees. The authorities cited— *Kenemer* v. *Kenemer,* 26 Ind. 330, and *Sellers* v. *Sellers,* 141 Ind. 305—and relied upon by appellant, are not in point, for they relate to temporary allowances pending the case. Under the statute above cited, and the authorities, the court was justified in making the allowance. See, *Harding* v. *Harding,* 144 Ill. 588; *Sellers* v. *Sellers, supra; Lumpkin* v. *Lumpkin,* 78 Ill. App. 324; *Merritt* v. *Merritt,* 99 N. Y. 343.

The third reason for a new trial is that the decision and judgment are not sustained by sufficient evidence, and counsel have discussed the question thus raised at some length. It is unnecessary for us to go over the evidence, even in the abstract. A careful consideration of all the evidence leads us to the conclusion that the decision and judgment are fully sustained by it.

The fifth, sixth, seventh, eighth, tenth, eleventh, twelfth, fifteenth, sixteenth and seventeenth reasons in appellant De Ruiter's motion for a new trial question the action of the court in certain of its rulings on the admission of evidence. Without going into detail, it is sufficient for us to say that we do not find any reversible error in any of such rulings.

De Ruiter *v.* De Ruiter.

What we have said relative to appellant De Ruiter's motion for a new trial is applicable to many of the reasons assigned for a new trial by appellant Vanderwerf.  The tenth, eleventh and twelfth reasons, however, of the latter's motion, present questions which should be considered and decided. They challenge the action of the court in permitting appellee to testify to what was said and done at the time the power of attorney  and  other  instruments  above  referred  to  were signed.  It is proper to say in this connection that appellee's position is that she did not know she had signed a power of attorney, and that she was deceived by her husband, who represented to her that the three instruments which she signed were two deeds, and a release.

She was asked the following questions, and was allowed to answer them:  "What is the fact as to whether or not you relied upon what Mr. De Ruiter said concerning those instruments as to their nature?"  Another question was identical to this.  The third was:  "What is the fact as to whether or not any of those papers were delivered to you?" Counsel contend that, as she could read, she was bound to know what papers she had signed, and had no right to rely upon what her husband told her, and that no confidential relations existed between them.  It is fairly inferable from the evidence that appellee believed that all differences between her and her husband had been amicably settled, and that they would continue to live together as husband and wife.  This being true, she was not dealing with him at arm's length, but in confidence, fully relying upon his promises and representations.

The following rule is laid down in 14 Am. & Eng. Ency. of Law (2nd ed.), 194:  "It is well settled that where it appears that a fiduciary or confidential relation existed between the parties at the time of the transaction alleged to be fraudulent, such as trustee and *cestui que trust,* * * * husband and wife, * * *, or that one of the parties for any reason possessed a power or influence over the other, or

that one of the parties was laboring under a disability such as mental weakness or intoxication, the existence of such relation or such power or influence or such disability raises a presumption of fraud, and the burden of proof is upon the party seeking to sustain the transaction." The rule thus stated is amply supported by the authorities, many of which are cited, following the text.

The relations existing between husband and wife are most intimate and confidential in their character, and it is the rule that no relation known to the law affords so great opportunity for the existence of undue influence as that existing between them. 27 Am. & Eng. Ency. of Law, 480, and authorities there cited. This being true, where the husband and wife contract together, and the agreement is such as to operate to the advantage of the former, equity will closely scrutinize the transaction. See authority last cited.

At the time of the transaction complained of, appellant De Ruiter and appellee were husband and wife. It is clear from the whole record that he exerted an undue influence over her, and, by misrepresentation, induced her to place herself in a position by which she might have been deprived of all her property rights as a wife. Under these circumstances and conditions, it was competent for her to testify as to what was said and done leading up to the consummation of the transaction in question.

Before concluding this opinion, it is proper to remark that appellant Eva G. Vanderwerf paid no consideration for all the valuable real estate conveyed to her. Taking all the circumstances, conditions, and surroundings disclosed by the record, we are firmly convinced that there was a well laid and devised plan or scheme between appellants to defraud appellee out of her property rights as the wife of appellant De Ruiter, and the evidence fairly supports the conclusion reached by the trial court.

Judgment affirmed.