**TAYLOR v. CALLAHAN.**

No. 8004.

Court of Civil Appeals of Texas. Austin.

Oct. 17, 1934.

Appellant's Motion for Rehearing Granted May 1, 1935.

On Appellee's Motion for Rehearing May 29, 1935.

Second Motion for Rehearing Overruled June 19, 1935.

G. A. Walters, of San Saba, for appellant.

J. H. Baker, of San Saba, and Carl Runge, of Mason, for appellee.

McCLENDON, Chief Justice.

October 26, 1932, Taylor recovered judgment against Sorrell for $1,000 as damages for breach of a contract made in the spring of 1931. Sorrell died December 21, 1932, and this suit was thereafter brought by Taylor against Julia Callahan, a granddaughter of Sorrell, to subject to the payment of said judgment lands which were conveyed by Sorrell to Julia Callahan by deed of gift dated June 25, 1931, acknowledged June 26, 1931, and filed for record May 6, 1932.

The case was tried to a jury upon four special issues, in substance, as follows: (1) Was Sorrell solvent on June 25, 1931; (2) when was the deed to Julia Callahan delivered to her; (3) was Sorrell solvent on that date; and (4) was the deed executed with intent to hinder, delay, or defraud Sorrell's creditors, particularly Taylor? The jury answered the first question, "Yes"; but being unable to agree on either of the other three, the verdict was received in this form without any noted objection by either party, and the jury were discharged. Thereafter, Taylor moved for judgment in his favor non obstante veredicto, asserting that questions 2, 3, and 4 were immaterial; the ground stated being, in substance, that the burden was on defendant to show that on and after the date of plaintiff's judgment Sorrell was possessed of property subject to judicial process (execution, garnishment, attachment, or other) sufficient to satisfy the judgment; that having failed to make such proof the deed (being only upon consideration of love and affection) was fraudulent as a matter of law. This motion was overruled, and judgment was rendered in favor of defendant. Thereafter plaintiff moved for a new trial, assigning as one of the grounds failure of the jury to answer questions 2, 3, and 4. However, this assignment is not carried forward in the brief, and there is no contention made therein that the judgment should be reversed on that account. As we view the case, therefore, the only question of substance presented to this court for review is whether plaintiff was entitled to judgment as a matter of law.

The following statement we think will suffice to a clear understanding of this issue:

Sorrell up to April, 1931, owned real estate in San Saba and other counties in west Texas worth several hundred thousand dollars. He owed no debts. He was advanced in years, and in 1925 prepared a deed or deeds dividing the property among his two children and grandchildren; a son; a daughter, Mrs. Callahan; her two daughters, Madaline and defendant. Julia; and two children of a deceased daughter. These deeds, however, were not finally executed until 1931; the first of which, conveying the major portion of his landed properties to his son, Mrs. Callahan, and the two children of the deceased daughter, was executed and recorded in April, 1931. The only real estate thereafter remaining in Sorrell, with the exception of his homestead, he conveyed to Madaline and Julia Callahan by deeds dated June 25, 1931. The deed to Madaline was filed for record June 26, 1931. In explanation of the withholding of the deed in question from record until May, 1932, Sorrell's attorney, who prepared the deed, testified: Holcomb had conveyed the property to Sorrell May 1, 1932, in payment of a debt; Sorrell agreeing to reconvey to Holcomb upon payment of the amount of the debt at any time within one year from the date of the deed. The attorney thereupon advised Sorrell not to deliver the deed to defendant until after May 1, 1932, because she was a minor, would not reach her majority until December 7, 1932, and it would require a guardianship and entail a great deal of trouble and expense to carry out the agreement with Holcomb. Defendant testified that her grandfather delivered the deed to her on June 25, 1931; that she placed it in the bank, and did not record it because of the agreement between her grandfather and Holcomb. While we think the evidence would support a finding that there was no delivery of the deed to defendant until after May 1, 1932, but that up to

that time it remained in the custody and under the control of Sorrell; nevertheless, it is quite manifest that defendant's above testimony was direct evidence of an actual delivery to her, the grantee, which made the deed effective as a conveyance from that date. It should be noted in this connection that plaintiff stated in his motion for judgment that this testimony of defendant was "undisputed by plaintiff."

There was ample evidence of Sorrell's solvency on June 25, 1931. He had on that date about $4,500 on deposit in two banks, and owned additionally some unexempt personal property worth several hundred dollars. He had no debts or obligations, except the potential liability under the contract with plaintiff, which eventuated in the judgment for $1,000. It was also shown that he still had on deposit in one of these banks $1,289.98, May 1, 1932, and $1,227.64, May 6, 1932. The court declined to hear evidence upon the condition of his estate after May 6, 1932, and held inadmissible evidence which would show or tend to show that he was insolvent at the date of plaintiff's judgment and thereafter continuously until he died.

The theory of appellant, as expressed in his motion for judgment and throughout his brief, is that it was incumbent upon defendant to show the solvency of Sorrell at and subsequent to the time of plaintiff's judgment; otherwise, plaintiff was entitled to recover as a matter of law. In this we do not concur. Under our statute (article 3997) conveyances, not upon consideration deemed valuable in law, are void as to prior creditors, "unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts." It is manifest from the express wording of this statute that the time of its operation as condemning as a matter of law a voluntary conveyance of a debtor is the date of the conveyance itself, and for the purpose of this statute the issue of insolvency is confined to that date. Sherrod v. City Nat. Bank (Tex. Civ. App.) 294 S. W. 295; 20 Tex. Jur. p. 508, § 154, and p. 417, § 60.

We have no doubt of the sufficiency of the evidence to support a fact finding of fraudulent intent, regardless of Sorrell's solvency on the date of the conveyance. But his solvency on that date being established, plaintiff, in order to recover, must show an intent to hinder, delay, or defraud, in the execution of the deed. 20 Tex. Jur. p. 495, § 142. At most that was an issuable fact in the case; and since no error is predicated upon the failure of the jury to answer question No. 4, that issue is not before us.

The excluded testimony related to the solvency of Sorrell after the execution, delivery, and recording of the deed. This testimony had no bearing and was not admissible upon the issue of solvency vel non at the time the deed was executed. It was relevant, we think, upon the issue of intent; but since that issue went out of the case by the admission in plaintiff's motion for judgment, and plaintiff's failure to bring the question before us for review by proper assignment of error in his brief, the error in excluding this testimony becomes harmless.

The trial court's judgment is affirmed.

Affirmed.

## On Appellant's Motion for Rehearing.

Appellant contends that money in bank is not "property * * * subject to execution" within the meaning of R. S. art. 3997. This point was not urged in the original briefs, and we gave it no consideration; assuming that since money in bank is property, and can be reached by garnishment (a species of execution), it came within the statute. This exact question seems to be one of first impression in this state. We have reached the conclusion that on principle, having in view the purpose of the statute, the term execution should be limited to its ordinary and general meaning, and should not be held to include extraordinary or ancillary process, available to the creditor to reach property or interests therein which cannot be reached by the ordinary writ of execution.

We believe this conclusion follows from the holding in Walker v. Loring, 89 Tex. 668, 36 S. W. 246, 247. Certainly it follows from the reasoning in the opinion in that case by Chief Justice Gaines. We quote: "The purpose of the statute is the protection of creditors against voluntary conveyances by their debtors. It is based upon the maxim that a man must be just before he is generous. It denounces a voluntary conveyance as fraudulent. and void against existing creditors with one exception, and that is that he still retains sufficient property from which the creditors may make their debts by due process

of law. It does not mean that the conveyance is valid if the property, at a fair market value, is sufficient to cover the debts. Nor does it mean that it is enough merely that the property, if discovered, is subject to levy and sale. But it means that he must retain property of which he has the open and visible ownership of such value that when subjected to forced sale it will yield a sufficient sum to pay all the existing debts as well as the taxable costs of their collection. What protection is the statute to a creditor if the debtor may conceal a part of his property and give away the remainder? What advantage accrues to him from his debtor's ownership of property, if he is unable to discover it? We think, therefore, that the words, 'subject to execution' mean not only that the property should be such as may be legally levied upon and sold by the sheriff, but that it should also be such as is actually capable of being levied upon."

■ Money in bank is a credit in one of its most liquid forms. It can only be reached by garnishment which must be supported by affidavit. Its existence and ownership is not discoverable by any record available to the creditor as a matter of right, and to that extent it is concealed from creditors. Its ownership, real or apparent, can be transferred with the greatest facility and ease without any character of publicity. The situation presented by the instant case is a striking illustration of the facility with which an unliquidated claim may be defeated entirely, if money in bank is to be taken into consideration in determining solvency (after disposing of all physical property by gift to relatives) within the statutory test of being "possessed of property * * * subject to execution sufficient to pay his existing debts."

The rule announced in the above quotation from the Lybrook Case has never been questioned. See Ramsey v. Abilene, etc. (Tex. Civ. App.) 57 S.W.(2d) 877; Kelley v. Stubblefield (Tex. Civ. App.) 26 S.W. (2d) 281; 20 Tex. Jur. p. 418, § 61. De Ruiter v. De Ruiter, 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. Rep. 107, seems directly in point.

Excluding the bank deposits, the record negatives the solvency of Sorrell, measured by the statutory standard as above interpreted.

■ There is no merit in appellee's contention that since the remedy pursued by appellant was an equitable one, it was not available to him because he did not show that he had exhausted his legal remedies. Legal remedies, precluding equitable relief, must be available; and to be available they must be effective and adequate. Appellant made every effort to find other assets of Sorrell to subject to the discharge of his judgment; but without success. The law does not require that one do a fruitless thing.

Our judgment of affirmance is set aside, the trial court's judgment is reversed, and judgment is here rendered in favor of appellant awarding him the relief he seeks.

Motion granted.

### On Appellee's Motion for Rehearing.

■ Appellee's motion for rehearing is predicated in the main upon questions of practice, largely with reference to the manner in which appellant briefed the case. As shown in our original opinion, appellant filed in the trial court a motion for judgment non obstante veredicto, which was overruled. Error was properly assigned upon this ruling and carried into the brief. Whether in other respects the brief met every test of the rules for briefing is a matter largely within the discretion of this court. The briefs of both parties were such as to require this court to examine the entire record, which we have carefully done, and conclude that the motion for judgment was improperly sustained under our holding that money in bank cannot properly be taken into consideration in determining solvency within the pertinent statute. This proposition appellee now concedes in the motion as "no doubt correct." Implicit in this concession is the admission that if the judgment is affirmed, the ends of justice will be defeated through rules of practice which are prescribed to attain the ends of justice. It would serve no useful purpose to discuss in detail the various points urged in this regard, but would only encumber further the already overburdened law reports with procedural holdings, which would add nothing to the jurisprudence of the state. Suffice it to say that we have carefully considered all the questions presented, and conclude that none of them is jurisdictional.

■ The fact that there was no objection to the evidence of the bank deposits is not controlling, since the evidence had no probative force on the issue of insolvency. Henry v. Phillips, 105 Tex. 459,

151 S. W. 533; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914.

Appellee prays that if the judgment is not affirmed, the cause be remanded "and give appellee an opportunity to prove the existence of other items of property sufficient to show the solvency of J. E. Sorrell."

The general rule is that when a judgment is reversed for insufficient evidence, the cause will be remanded, unless it affirmatively appears from the record that it has been fully developed, or that no reasonable probability exists that appellee could upon another trial produce evidence which would support (here, 'defeat) recovery. We are not prepared to say that the record demonstrates full development upon the issue of insolvency; and this especially in view of the fact that the bank deposits were pleaded and proved without objection, and appellee evidently relied upon them as supporting solvency.

The motion is overruled in so far as it prays that our judgment of reversal be set aside. In so far as it prays to set aside our judgment rendering judgment for appellant, it is granted, and the cause is remanded to the trial court for a new trial.

Granted in part, and in part overruled.