## PANHANDLE NATIONAL BANK v. J. S. FOSTER.

### No. 6379.

1. **Practice in Trial of Right of Property.**—A stock of horses in possession of one Burgess was levied on under execution. Appellee filed claim and bond to try right of property in the horses. Before the trial began the claimant asked that the sheriff be permitted to amend his return so as to show that Burgess was in possession as agent of claimant. This amendment was made by the sheriff upon the alleged ground that Burgess at the time of the levy had stated that he held the horses for the claimant. The plaintiff, resisting the motion to allow the amendment, offered to contradict the alleged statement by Burgess. *Held:*

1. That it was error in the court below to allow the amendment, it having the

effect of changing the burden of proof without evidence other than the declaration of Burgess.

2. The court should have heard any proper evidence offered to show who had possession, actual or constructive, of the horses at the time the levy was made.

2. **Voluntary Conveyance—Fraud.**—A voluntary conveyance is invalid against creditors without reference to knowledge or want of it on part of the grantee of the indebtedness of the grantor.

APPEAL from Knox. Tried below before Hon. J. V. Cockrell.
The opinion states the case.

*J. T. Montgomery,* for appellant.— 1. The court erred in permitting the sheriff of Knox County, over appellant's objection, to amend his return on the copy of the original execution.

Before announcement for trial defendant made a motion that the sheriff be required to amend his return on the copy of the original execution filed in the case, so as to have it show in whose employ Burgess, the person in possession of the horses in controversy at the time of the levy, was at that time. The court examined the sheriff on oath, and he testified that Burgess was herding and controlling the horses at the time of the levy, and that witness knew nothing as to whose agent Burgess was except his statement made at the time that he was the agent and employe of J. S. Foster.

The court permitted the sheriff to amend his return by writing therein, after the words, "Jim Burgess," *herder and employe of J. S. Foster,* to which action plaintiff excepted. Rev. Stats., art. 4830.

2. The court erred in fixing the burden of proof upon the appellant in advance of the trial, over appellant's objection, and erred in charging the jury on the trial that the burden of proof was on the appellant, in that it appeared from the evidence on the trial that appellee had never been in the actual possession of the property in controversy. Rev. Stats., arts. 4838, 4839; Lott v. Keach, 5 Texas, 394; Morgan v. Taylor, 32 Texas, 364; Gibson v. Hill, 21 Texas, 225; Edmundson v. Silliman, 50 Texas, 106; Bump on Fraud. Con., 3 ed., pp. 111–13.

3. In order to render a conveyance which is made without consideration valuable in law valid as against the claims of prior creditors it must appear that the grantor was at the time of the sale possessed of property within the State subject to execution sufficient to pay his debts then existing, and it is immaterial whether or not the grantee knows of the existence of the indebtedness at the time of the conveyance. Rev. Stats., art. 2466; Belt v. Raguet, 27 Texas, 472; King v. Russell, 40 Texas, 125; Bump on Fraud. Con., 3 ed., p. 198.

4. Where a debtor disposes of property with intent to defraud his creditors the question to be decided is, did the purchaser have notice actual or constructive of the fraudulent intent of the vendor, or did he have

knowledge of facts sufficient to put a prudent man upon inquiry or to lead a person of ordinary perception to infer fraud, or did he have the means of knowing the fraudulent intent by the use of ordinary diligence? Rev. Stats., art. 2465; Mills v. Howeth, 19 Texas, 257; Humphries v. Freeman, 22 Texas, 45; Garahy v. Bailey, 25 Texas Supp., 294; Traylor v. Townsend, 61 Texas, 144; Brown v. Texas Cactus Hedge Co., 64 Texas, 396; Bump. on Fraud. Con., 3 ed., pp. 201, 202.

5. The evidence in the case shows that William Perrin transferred the property in controversy to the defendant Foster for the purpose of defrauding, delaying, and hindering his (Perrin's) creditors in the collection of their debts, and that Foster had both actual and constructive notice of the fraudulent intent, wherefore the verdict should have been for the plaintiff. Brown v. Cactus Hedge Co., 64 Texas, 396; Traylor v. Townsend, 61 Texas, 144; Seligson & Co. v. Brown & Brown, 61 Texas, 180; Humphries v. Freeman, 29 Texas, 45; Mills v. Howeth, 19 Texas, 257; Bump. on Fraud. Con., 3 ed., pp. 202–5.

No brief on file for appellee.

Stayton, Chief Justice.—This is a proceeding under the statute regulating the trial of right to property.

The property in controversy consists of a stock of horses, numbering four hundred head more or less, levied upon on the range as the property of Wm. Perrin, under an execution against him in favor of appellant.

The sheriff's return showed that no actual seizure was made, but that notice was given to James Burgess, "in charge and controlling said horses." Before the trial began the claimant asked that the sheriff be permitted to amend his return so as to show that Burgess was in charge of the horses as his agent, which, without any evidence that the fact was so other than the declaration of Burgess made at the time notice of the levy was served upon him, the court permitted to be made, and then ruled that the burden of proof rested upon appellant, and refused to hear other evidence.

This ruling is assigned as error. If property be taken from the possession of a claimant the statute places the burden of proof on the party seeking to subject it to the payment of his debt, but if it be taken from the possession of any other person, then the burden rests on the claimant. Rev. Stats., arts. 4838, 4839.

This statutory rule was evidently intended to give effect in so far to the presumptions arising from possession of chattels, and it may be that such possession as is evidenced by an exclusive control of horses running on the range, as they often do in this country, would be within the meaning of the statute.

That Burgess had control and management of the horses is not questioned, and this would place the burden of proof on the claimant unless it was shown in some lawful manner that he was the agent of that person. That fact could not be shown by the declarations of Burgess made to the sheriff, in the absence of some fact other than those shown.

The court should have heard any proper evidence offered to show who had possession, actual or constructive, of the horses at the time the levy was made, and should not have fixed the burden of proof on appellant upon the mere declaration of Burgess as to his agency.

Appellee claimed to have bought the horses from Perrin, and the issue was whether the sale was fraudulent as to creditors of the latter.

The fourth paragraph of the charge given presented the law applicable to the invalidity of voluntary conveyances by a debtor, without making notice or want of notice of the indebtedness a material inquiry, but in the fifth paragraph the court instructed the jury as follows:

"If the jury believe from the evidence that Wm. Perrin transferred the property in controversy to J. S. Foster without a valuable consideration, and that Wm. Perrin was then in debt and did not then have property, besides that transferred to J. S. Foster, within this State sufficient to pay his debts then outstanding, and that Foster had knowledge of such debts at the time said purchase was made, and said purchase was without consideration valuable in law, you will find for the plaintiff."

This charge was misleading in that it left the jury to infer that the conveyance, even though without valuable consideration, might be considered valid if Foster was ignorant that Perrin was indebted at the time the conveyance was made, while knowledge or want of knowledge of his indebtedness was an unimportant inquiry if the conveyance was purely voluntary.

It is urged that the evidence required a finding that the conveyance to Foster was fraudulent, and we are requested to pass upon that question, but in view of the fact that the judgment will be reversed on account of rulings referred to it is neither necessary nor proper that we should pass upon the question of fact presented.

The judgment of the court below will be reversed and cause remanded.

*Reversed and remanded.*

Delivered October 15, 1889.