MARSH & TAYLOR V. T. T. THOMASON ET AL.

No. 560.

1. **Trial of Right of Property— Levy.**—Although levy upon personal property be made by giving notice without taking actual possession, a claimant is entitled to resort to the statutory mode of trial of the rights of property.

2. **Declarations.**—It not appearing that claimants were asserting title under the defendant in execution, nor that any of his funds or property was used in acquiring the property, nor that he was at the time indebted to the plaintiffs in execution, the declarations of the defendant in execution as to his indebtedness did not affect claimants, and the testimony was rightly rejected.

3. **Competent Evidence.**—It was claimed and in issue that the defendant in execution was a partner of claimants, and there was testimony to prove such partnership. It was competent for the claimants to prove dealings with the plaintiffs and claimants, and that goods so bought were charged to claimants alone.

**4. Right to Open and Conclude Argument.** — On trial of the right. of property which had not been taken into actual possession, it was not error to permit claimants to open and conclude the argument, although the plaintiffs had voluntarily assumed the burden of proof in the introduction of testimony.

APPEAL from Coryell.    Tried below before Hon. C. K. BELL.

*Harris & Saunders*, for appellants, cited: Rev. Stats., arts. 4822, 4838,. 4839, 2295, 2298; Howell v. Jones, 3 Willson's C. C., sec. 208; Osborn v. Koenigheim, 57 Texas, 91; Carlin v. Hudson, 12 Texas, 202; Hinson v. Walker, 65 Texas, 103; Latham v. Selkirk, 11 Texas, 314; Belt v. Raquet, 27 Texas, 481.

*T. C. Taylor*, for appellees.

KEY, ASSOCIATE JUSTICE. —Appellants, being judgment creditors of J. W. Thomason, caused an execution to be issued and levied upon an undivided one-third-interest in 700 pounds of wool and 1500 head of sheep, as the property of said J. W. Thomason. Appellees, T. T. and J. M. Thomason, filed a claimants' affidavit and bond, and thereby obtained a trial of the rights of property.

The court instructed the jury, that if they found from the evidence that all the property levied upon belonged at the time of the levy to the claimants, T. T. and J. M. Thomason, then they should find for said claimants; but if they did not so find, to return a verdict for appellants. The jury returned a general verdict for the claimants, which implies a finding that they were the exclusive owners of the property levied on; and there is testimony in the record supporting the verdict.

It is insisted by appellants, that if the levy was made, as the evidence tends to show, in the manner prescribed by articles 2292 and 2295 of the Revised Statutes, by giving notice of the levy, and without taking actual possession of the property, appellees were not entitled to resort to the statutory mode of trial of the rights of property.

This question has already been decided adversely to this contention. White v. Jacobs, Bernheim & Co., 66 Texas, 462.

As against appellees, proof of admissions by J. W. Thomason that he owed debts in Alabama was not admissible. If it had been shown that appellees were claiming under J. W. Thomason, or that money or other property once belonging to him had been used to purchase the sheep, any prior declarations of his tending to show a fraudulent purpose to place his means beyond the reach of his creditors would have been admissible. Hinson v. Walker, 65 Texas, 103. But no such facts were shown. Nor does it appear from the bill of exceptions at what time the alleged admissions or declarations were made. Nor is it shown that J. W. Thomason was at that time indebted to appellants.

The evidence of T. T. Thomason, showing that in his dealings with the firm of Jones & Ludlow he had the merchandise bought on a credit charged to J. M. Thomason and himself, was proper testimony to be considered by the jury in determining whether or not there was a partnership between them and J. W. Thomason, and it was also in rebuttal of Ludlow's evidence on the same subject.

The fourth and last assignment of error in appellants' brief complains of the court's action in allowing the claimants' counsel to open and conclude the argument.

The statute provides, that if the property levied on is taken from the possession of the claimant, the burden of proof shall be on the plaintiff; but if taken from the possession of any other person, the burden of proof shall rest on the claimant. As already stated, the property levied on was not taken into actual possession by the officer making the levy; and the court's ruling, that appellees' counsel had the right to open and close the argument, presents no ground for reversing the judgment, although appellants had voluntarily assumed the burden of proof in the introduction of testimony. Brown v. Lessing, 70 Texas, 544; Bank v. Foster, 74 Texas, 514.

The judgment of the District Court will be affirmed.

*Affirmed.*

Delivered February 14, 1894.