STEVENER v. MILANO et al. (No. 33.)

(Court of Civil Appeals of Texas. Waco. Dec. 6, 1923.)

1. Fraudulent conveyances ⟐121 — Creditor may receive payment in debtor's property, notwithstanding knowledge that payment will defeat claims of others.

A creditor may receive payment of a valid debt in property of his debtor, though he knows the latter is insolvent, and that such payment will defeat the claims of other creditors, if no more property is taken than is reasonably necessary to pay the debt.

2. Fraudulent conveyances ⟐58—Wife's voluntary conveyance of interest in property void as against purchaser at execution sale under prior judgment.

Under Rev. St. art. 3967, a wife's voluntary conveyance of her interest in property for services rendered at her request for the benefit of her husband's business is void, as to a purchaser at execution sale under a prior judgment against her, if she had no property subject to execution out of which the amount of the judgment could be made.

3. Fraudulent conveyances ⟐58—To sustain wife's voluntary conveyance, grantee must show sufficient property remaining in grantor to discharge debts.

To sustain a wife's voluntary conveyance of her interest in property for services rendered at her request for her husband's benefit, as against a purchaser at an execution sale under a prior judgment against her, grantee must show that sufficient property, readily accessible to the wife's creditors, to discharge all debts owed by her remained in her hands, in view of Rev. St. art. 3967.

4. Appeal and error ⟐930(3)—No presumption of court's finding against appellant on issue he requested court to submit to jury.

Where appellant requested submission of an issue to the jury, no presumption of an adverse finding by the court thereon can be indulged in support of the judgment.

5. Fraudulent conveyances ⟐308(3)—Refusal to submit issue as to sufficiency of grantor's remaining property to pay debts held erroneous.

In trespass to try title to realty, conveyed to defendant for the alleged purpose of defrauding grantor's creditors, the court erred, the evidence warranting the submission, in re-

fusing to submit the issue whether grantor was possessed of property subject to execution sufficient to pay her debts after such conveyance, and in rendering judgment against plaintiff without an adverse finding thereon.

**6. Fraudulent conveyances ⬦⟹309(7)—Instruction that love and affection is sufficient consideration held inapplicable to facts.**

In trespass to try title to an interest in realty conveyed in alleged fraud of creditors, an instruction that love and affection is a good and valid consideration for the transfer of property *held* erroneous as inapplicable to the facts.

Appeal from District Court, McLennan County; Harvey M. Richey, Judge.

Trespass to try title by Ed Stevener against Lenora Milano and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

J. E. Yeager, of Waco, for appellant.
J. D. Willis, of Waco, for appellees.

GALLAGHER, C. J. E. Stevener, appellant herein, brought suit against Lenora Milano, one of the appellees herein, and certain others not interested in the issues presented in this appeal, in the form of trespass to try title to recover an undivided one-ninth interest in a house and lot situated in Waco. In addition to appropriate allegations in trespass to try title, appellant made further allegations raising specifically the issues here involved.

Joe Milano and Josie Milano were husband and wife and the parents of appellee, Lenora Milano. Sanger Bros. brought an action for debt against Mrs. Milano and made allegations sufficient to entitle them to personal judgment against her, notwithstanding she was a married woman. She appeared and answered in defense of the claim so sued on. She at that time owned the undivided one-ninth interest in the house and lot involved in this suit as heir at law of her deceased father, Ben Dragna. It was not shown that she owned any other property subject to execution. On the 1st day of June, 1921, she, joined by her said husband, conveyed her interest in said house and lot to appellee, Lenora Milano, for a recited consideration of $10 in hand paid. Said deed was immediately filed for record. The next day, June 2, 1921, she withdrew her answer in said suit and permitted Sanger Bros. to take a judgment against her without contest.

Appellant is a purchaser of the property sued for at execution sale under said judgment. No attack is made on the regularity of the proceedings resulting in the sale of said land, and there is no contention that the sheriff's deed conveying a one-ninth interest in said property to him did not invest him with the title thereto, unless the deed from Mrs. Milano and husband to appellee invest-

ed her with a title good against the attack of said prior creditor of her mother.

The value of the one-ninth interest in said property is not shown. The evidence discloses that Joe Milano owned a restaurant and his wife ran or assisted in running the same. Business was bad, and appellee, at the request of her mother, left another job and went to help her mother in the restaurant. She continued to work in the restaurant until the business was put in bankruptcy, somewhere between six months and a year later. Appellee presented a claim for wages in the bankrupt court and received $120 thereon. Appellee testified that her mother gave or deeded said property to her as back wages, because the $120 she received from the bankrupt court was not as much as she was getting in her former employment which she left to go to work in the restaurant. There was no proof that the $10 recited in said deed was paid. There was no proof of a contract for wages by appellee with her parents, and no proof of the value of the services rendered by her.

The case was submitted to the jury on a single issue, which issue and the answer of the jury thereto are as follows:

"Question: State whether or not the deed in issue in this case to the defendant Lenora Milano was executed for the purpose of defrauding creditors of her mother. Answer 'Yes' or 'No.' "

"Answer: No."

Upon this verdict the court entered judgment that the plaintiff take nothing by his suit, and vesting title to the property sued for in appellee.

Appellant contended on the trial of the case that the evidence showed that the conveyance from Mrs. Milano to appellee was voluntary and not for a valuable consideration, and requested the court to submit to the jury for a finding the following special issue:

"Was Josie Milano possessed of property within this state subject to execution sufficient to pay her existing debts after she conveyed her interest in the Ben Dragna estate to Lenora Milano?"

The court refused to submit the issue. Appellant contends by appropriate proposition that the action of the court in refusing to submit said special issue constitutes reversible error.

[1, 2] It is settled law in this state that a creditor may receive payment of an honest debt in property of his debtor, even though he may know such debtor is insolvent and that such payment will defeat the claims of other creditors, provided no more property is taken than is reasonably necessary to pay the debt. Adams v. Williams, 112 Tex. 469, 476, 477, 248 S. W. 673, and authorities there cited. In such cases, it is indispensable that

the property in controversy be received upon a valid debt owed by the owner of the property so transferring the same. We are of the opinion that the evidence fails to show that Mrs. Josie Milano owed appellee a valid debt for services rendered by her in said restaurant. Mrs. Milano being a married woman, and her husband being the owner of the restaurant business in which appellee worked, any legal liability for the value of her services was the debt of the husband and not the debt of the wife. The purpose on the part of Mrs. Milano, by the conveyance of her interest in said property, to compensate her daughter for services rendered at her request for the benefit of her husband's business, could, as against her creditors, in no event constitute more than a good, as distinguished from a valuable, consideration therefor. The conveyance of the property to appellee being voluntary, that is, not upon consideration deemed valuable in law, the issue submitted and found by the jury in her favor was immaterial and did not in itself, under the facts of this case, justify a judgment in her favor. Our statute expressly provides that every conveyance of property made by a debtor which is not upon a consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor at the time of such conveyance was possessed of property within this state subject to execution sufficient to pay his existing debts. R. S. art. 3967.

[3] The evidence in this case does not show any other debt owed by Mrs. Milano except said judgment in favor of Sanger Bros., which was for the sum of $100, together with interest and costs of suit; but it does tend to show that after she conveyed the property to appellee she had no property subject to execution out of which the amount of such judgment could be made. If such was the case, her conveyance to appellee was void under the statute as to a purchaser at execution sale under said judgment. It devolved on appellee seeking to sustain such conveyance to show that, after the execution and delivery of said deed, sufficient property, readily and conveniently accessible to Mrs. Milano's creditors under the ordinary process used in the collection of debts, remained in her hands to discharge all debts owed by her. Dixon v. Sanderson, 72 Tex. 359, 363, 10 S. W. 535, 13 Am. St. Rep. 801; Panhandle Nat. Bank v. Foster, 74 Tex. 514, 517, 12 S. W. 223.

[4, 5] Appellant, having requested the court to submit such issue to the jury for a finding thereon by them, no presumption of a finding by the court thereon against appellant can be indulged in support of the judgment. The court erred in refusing to submit such issue and in rendering judgment against appellant without a finding adverse to him thereon.

[6] The court on the trial of the case, over objection of the appellant, charged the jury in connection with the issue submitted to them, hereinbefore set out, as follows:

"You are instructed as a part of the law of this case that as a matter of law, love and affection is a good and valid consideration for the transfer of property as a general rule."

This instruction was inapplicable to the facts of this case, and should not have been given.

The evidence contained in the statement of facts is meager, vague, and unsatisfactory on some of the controlling issues in the case. Doubtless on another trial the facts will be more fully developed.

The judgment is reversed, and the cause remanded.