**SECURITY SAVINGS AND LOAN ASSOCI-
ATION, Dickinson, Texas, Appellant,**

v.

**Frances G. WARD, a feme sole a/k/a Fran-
ces Reed, and Dora Helmle, a feme
sole, Appellees.**

**No. 5962.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 16, 1968.

Hancock & Bellard, Dickinson, for appellant.

J. M. Preston, Pecos, for appellees.

## OPINION

PRESLAR, Justice.

This is a suit instituted by appellant, Security Savings & Loan Association, Dickinson, Texas, in Pecos County, Texas, against Frances G. Ward, also known as Frances Reed, and her mother, Dora Helmle, to set aside a conveyance of real property from daughter to mother on the basis that such conveyance was made in avoidance of creditors under Art. 3997, Vernon's Annotated Civil Statutes.

Appellee Frances G. Ward maintained that two default judgments obtained against her by appellant in Galveston County, Texas were void because she was a non-resident of the State of Texas not brought before the court by service on her within the state.

The trial court, based upon answers of the jury, set the two Galveston County district court judgments aside, but rendered judgment in favor of the Savings and Loan Association for its debts, which were the basis of the two judgments; the jury found

that at the time of the conveyance, appellee Frances Ward was possessed of property sufficient to pay her existing debts, and the judgment was that the conveyance not be set aside.

We affirm that portion of the judgment which set aside the two Galveston County judgments and that portion of the judgment granting appellant judgment for its debts against appellee Frances G. Ward, and we reverse and remand that portion of the judgment upholding the conveyance from Frances G. Ward to Dora Helmle.

At the time when she was a resident of Texas, Frances G. Ward executed two notes to appellant. She later moved to Hawaii, and some months after moving to Hawaii was sued by appellant on the notes in separate suits in the District Court of Galveston County, Texas. The petitions in each suit alleged that she resided in Hawaii, one in fact alleging that she "is a resident of Honolulu, Hawaii", and personal service of process on her in Hawaii was obtained. She made no appearance, and the two default judgments were entered. Each recited on its face that Frances G. Ward was duly cited to appear. These judgments were abstracted in Pecos County, Texas and thereafter the instant suit was brought in Pecos County to set aside the deed, and to foreclose the judgment liens; and in response to such suit appellee maintained the two Galveston County judgments were void. The jury found that Mrs. Ward was domiciled in Hawaii at the time of service on her, and the court set the judgments aside.

■ By its First Point of Error, appellant says the court erred in setting the judgments aside. We overrule this point under authority of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and Hicks v. Sias, Tex.Civ.App., 102 S.W.2d 460, error refused. The latter case is so in point that it cannot be distinguished from the case before us, and holds that a personal judgment rendered in a state court in an action on a money demand against a non-resident, without personal service of process within the state, is void and may be collaterally attacked in an action wherein such judgment is relied on. Appellant seeks to remove the instant case from such holding under an exception thereto provided by Art. 2031b, Vernon's Ann.Civ.St. Appellant's position in that regard is not tenable, for the reason that appellant did not meet its burden of making sufficient allegations to bring the defendant within the provisions of Art. 2031b. This is fatal. McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965). In fact, service was not had under the provisions of Art. 2031b, but was by service of non-resident notice, the return of which showed that it was served on defendant in the State of Hawaii. The possibility that the defendant could have been served under some provision of Art. 2031b is of no moment. Allegations to permit it were not made, and it was not done. It is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service. McKanna v. Edgar (supra). Appellant's First Point of Error is overruled and the action of the trial court in setting aside the two default judgments is affirmed.

By its Third Point of Error appellant attacks the form of Issue Number 3 of the Court's charge, which reads:

"Do you find from a preponderance of the evidence that on October 29, 1964, when the Defendant, Frances G. Ward, conveyed her interest in the ranch land to her mother she had sufficient other property in the State of Texas remaining at that time to pay her existing debts to Security Savings and Loan Association, Dickinson, Texas, and all her other creditors, if any?"

■ Appellant's cause of action is one brought under the provisions of Art. 3997, V.A.C.S., which provides in part:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior

creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts * * *."

Appellant objected to the issue for failure to limit the inquiry to property "subject to execution". We think the statute is clear that the showing of property by the debtor sufficient to meet his debts must be one of property subject to execution. Reversible error is presented, for the judgment is based on a finding that does not meet the requirements of the statute. In Stevener v. Milano, 256 S.W. 639 (Tex.Civ.App. n. w. h.), the appellant requested the court to submit the following issue:

"Was Josie Milano possessed of property within this state subject to execution sufficient to pay her existing debts after she conveyed her interest in the Ben Dragna estate to Lenora Milano?"

The appellate court, after determining that the conveyance was voluntary, held that the refusal to submit this issue was reversible error. In Sherrod v. City Nat. Bank, 294 S.W. 295 (Tex.Civ.App. error refused), the evidence was that the debtor was the owner of certain cattle at the time of his conveyance, and the jury was asked to determine the market value of the cattle. An issue was refused which inquired whether at the time of his conveyance the debtor had "sufficient property and money, over and above his exceptions, to pay his debts". Refusal to submit the issue was held to be reversible error. In Taylor v. Callahan, 83 S.W.2d 1072 (Tex.Civ.App., dismissed), it was held that under Art. 3997, money in the bank did not suffice, because it was not "property subject to execution", the court stating:

"We have reached the conclusion that on principle, having in view the purpose of the statute, the term execution should be limited to its ordinary and general meaning, and should not be held to include extraordinary or ancillary process, available to the creditor to reach property or interest therein which cannot be reached by the ordinary writ of execution."

We sustain appellant's Third Point of Error and reverse and remand the cause for another trial, except as to the portions of the judgment herein affirmed.

■ By a cross-point, appellee Frances Ward, assigns error in the overruling of her special appearance under Rule 120a of the Rules of Civil Procedure to that portion of appellant's amended pleading which sought personal judgment against her, and in rendering personal judgment against her based on such pleadings. It is appellee's position that she entered her appearance in an in rem proceeding, which was changed to an in personam action by the amended pleading to which she did not enter her general appearance, but appeared specially by pleading to the jurisdiction under Rule 120a. We overrule appellee's contention on the basis that she had already entered her general appearance prior to the filing of the amended action. Prior to that pleading and prior to the filing of her special appearance, appellee Frances Ward had sought affirmative action by the court in asking it to void the two default judgments. Having appeared to attack the judgment, she is presumed to have entered her appearance to the term of the court at which the mandate shall be filed, and no new citation is necessary under Rule 123, T.R.C.P.; McKanna v. Edgar (supra). Appellee's cross point is overruled, and that portion of the judgment which grants appellant judgment for its debt and attorneys' fees against her is affirmed.